NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 26 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CECIL WENDALL PINO,

Defendant - Appellant.

No. 24-1508

D.C. No.
2:06-cr-00860-MTL-2

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Submitted December 17, 2024[**]

Before:    WALLACE, GRABER, and BUMATAY, Circuit Judges.

Cecil Wendall Pino appeals from the district court's order denying the

parties' joint recommendation for a sentence reduction under 18 U.S.C.

§ 3582(c)(2).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Though the district court agreed Pino was eligible to be resentenced under

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Amendment 821, it declined to reduce his sentence because the joint recommendation was not supported by the sentencing objectives in 18 U.S.C. § 3553(a). *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010) (describing the two-step process for analyzing § 3582(c)(2) motions). Pino contends the court relied on a clearly erroneous fact and failed to adequately explain its decision. The record does not support these claims. Any imprecision in the court's description of the offense had no bearing on its characterization of the offense conduct as "unusually cruel and heinous and depraved," or its decision to deny relief on this basis. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc) (a district court procedurally errs if its reliance on a clearly erroneous fact affects its sentencing decision). Moreover, the court's explanation of its decision was sufficient. *See United States v. Wilson*, 8 F.4th 970, 977 (9th Cir. 2021).

Pino further contends that his existing sentence is substantively unreasonable because it exceeds the amended Guidelines range. The district court did not abuse its discretion in declining to reduce Pino's sentence. *See id*. at 977-78. The 262-month sentence is substantively reasonable in light of the totality of the circumstances and the § 3553(a) factors, particularly the seriousness of the offense and the need to protect the public. *See* U.S.S.G. § 1B1.10 cmt. n.1(B); *United States v. Lightfoot*, 626 F.3d 1092, 1096 (9th Cir. 2010).

**AFFIRMED**.